UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-552-R

**BARRY C. DRAKE**                                                                           **PLAINTIFF**

**v.**

**JANIE MILLER**                                                                             **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>

Plaintiff Barry C. Drake filed a *pro se* complaint against the Secretary of the Cabinet for

Health and Family Services for the Commonwealth of Kentucky.  Plaintiff seeks relief under a

myriad of federal laws, alleging that the Cabinet "took possession of Barry C. Drake's residence

located at 1330 Bramblett Boulevard, Radcliff, Ky. 40160," and "[a]cting under the auspices that

Plaintiff's mother, a Medicaid recipient, and nursing home resident, owed bills, [took] the house

. . . to be sold and pay those expenses."  According to Plaintiff, the Cabinet also took other

property, including a washer and dryer, lawn mowers, gardening tools, kitchen appliances, and

other personal items.  Plaintiff claims that he was not notified about the initiation of the estate

recovery and was not given an opportunity to claim an exemption based on hardship.  He

ultimately claims that "this was nothing more than a vast, unlawful conspiracy to deprive the

Plaintiff, an American who is Black, of his property, his dignity and his constitutional rights,

simply because they could."

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint

under 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir.

1997).  Upon review, this Court must dismiss a case at any time if it determines that the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  A

claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.  In order to survive dismissal for failure to state a claim, a court must "look for plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this standard, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**Upon consideration, the Court will allow Plaintiff's claims to proceed against Defendant Miller under Title VI of the Civil Rights Act, 42 U.S.C. §§ 1981 and 1983, and 28 U.S.C. §§ 2201-2202.**  In allowing these claims to go forward, the Court passes no judgment on the merits and ultimate outcome of the case.

**As to the remaining claims, the Court will dismiss them for failure to state a claim upon which relief may be granted.**  First, 18 U.S.C. §§ 241 and 242 are criminal statutes that do not provide a private right of action for civil remedies. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003).  Second, 28 U.S.C. §§ 1331, 1343, and 1361 are statutes which confer jurisdiction and are not independent causes of action.  Third, "Harlow v. Fitzgerald" and

2

"Scheuer v. Rhodes"[1] to which Plaintiff cites are cases which do not provide for any private cause of action for civil relief.

Fourth and finally, Plaintiff also brings causes of action under "42 USC 1983-88."  The Court has already concluded that the § 1983 claim may proceed.  Claims under § 1984 through § 1988, however, all lack merit.

Section 1984 is listed as "Omitted" in the United States Code.  "Sections one and two of 42 U.S.C. § 1984 were declared unconstitutional by the Supreme Court in 1883, *U.S. v. Singleton*, 109 U.S. 3, 3 S. Ct. 18, 27 L. Ed. 835 (1883), and sections three and four were repealed by Congress in 1948."  *Dennison v. Pa. Dep't of Corr.*, 268 F. Supp. 2d 387, 395 n.3 (M.D. Pa. 2003).

While Plaintiff alleges a conspiracy, the claim is broad and fails to present the facts necessary to state a claim under 42 U.S.C. § 1985.  *See Ashiegbu v. Purviance*, 76 F. Supp. 2d 824, 830 (S.D. Ohio 1998) ("Under § 1985, a plaintiff must plead his civil rights conspiracy charge with factual specificity; mere conclusory allegations will not survive a motion to dismiss."); *Saunders v. Ghee*, No. 94-4073, 1995 WL 101289, at *1 (6th Cir. 1995) ("Conspiracy claims under § 1985(3) must be pleaded with the same specificity as conspiracy claims under § 1983.") (citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984)).

A cause of action under § 1986 is based on the violation of § 1985.  *Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000) (explaining that a "§ 1986 claim is derivative and conditioned on establishing a § 1985 violation").  As this Court has concluded that there is no violation under § 1985, the § 1986 claim fails and must also be dismissed.

---

[1]The Court presumes that Plaintiff is referring to *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) and *Scheuer v. Rhodes*, 416 U.S. 232 (1974), both of which discuss the qualified-immunity defense.  *Scheuer* also addresses the issue of sufficiency of the complaint.

Section 1987[2] is entitled "Prosecution of violation of certain laws" and is wholly inapplicable here.

Lastly, "section 1988 does not create independent causes of action, it simply 'defines procedures under which remedies may be sought in civil rights actions.'" *Schroder v. Volcker*, 864 F.2d 97, 99 (10th Cir. 1988) (quoting *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985)); *Hall v. Wooten*, 506 F.2d 564, 568 (6th Cir. 1974) ("We have held that section 1988 does not create federal causes of action for violation of civil rights.").

The Court, having liberally construed the complaint as it must, finds that Plaintiff has failed to state facts entitling him to relief under 42 U.S.C. §§ 1984 through 1988.

A separate Order will be entered consistent with this Memorandum Opinion.

Date:

cc:    Plaintiff, *pro se*
       Defendant
       Attorney General, Commonwealth of Kentucky
4413.005

---

[2]Under 42 U.S.C. § 1987,

The United States attorneys, marshals, and deputy marshals, the United States magistrate judges appointed by the district and territorial courts, with power to arrest, imprison, or bail offenders, and every other officer who is especially empowered by the President, are authorized and required, at the expense of the United States, to institute prosecutions against all persons violating any of the provisions of section 1990 of this title or of sections 5506 to 5516 and 5518 to 5532 of the Revised Statutes, and to cause such persons to be arrested, and imprisoned or bailed, for trial before the court of the United States or the territorial court having cognizance of the offense.