UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:08-CV-00552-TBR

BARRY C. DRAKE                                                    PLAINTIFF

v.

JANIE MILLER, individually and in her
official capacity as Secretary for the
Cabinet of Health and Family Services                            DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon Defendant, Janie Miller's, Motion to Dismiss or for Summary Judgment (Docket #11). Plaintiff, Barry Drake, has responded (Docket # 12). Defendant has replied (Docket #13). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion to Dismiss is GRANTED.

Also before the Court is Defendant's Motion for Sanctions (Docket # 14). Plaintiff has responded (Docket #15). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion for Sanctions is DENIED.

## BACKGROUND

This dispute involves Plaintiff's alleged legal claim to the real property located in Hardin County, Kentucky, and the actions of the Hardin District Court in March of 2006.

The property was purchased in 1991 by Plaintiff's sister, Dale Drake, who died in early 1999. Plaintiff was appointed administrator of the estate by the Hardin Circuit Court. Plaintiff signed an affidavit of descent showing he was aware that his mother, Clarise Sartin, owned one hundred percent of the real property.

In June 1999, Sartin was found to be disabled by a Hardin County District Court jury and Plaintiff was appointed as the guardian for Sartin. Sartin was admitted to a nursing home in

Brandenburg, Meade County, Kentucky.

In March 2001, Plaintiff filed a motion in Hardin District Court requesting an informal settlement of his sister's estate. The motion was denied as there was some question about the validity of Sartin's signature since she had previously been declared disabled. In May, a Show Cause Order was issued to Plaintiff to explain why an inventory and final settlement had not yet been filed in his sisters estate. The final settlements proposed by the Plaintiff were rejected by the district court judge and the judge appointed the Cabinet of Health and Family Service ("the Cabinet") as the guardian ad litem for Sartin.  The judge also froze an account at the Fort Knox Federal Credit Union established by Dale Drake and to which Sartin was the sole beneficiary.  It eventually came to light Drake had been utilizing the assets of the estate of his sister and his mother's assets as though they were his own assets.

In its capacity as guardian ad litem, and allegedly consistent with the provisions of Kentucky and federal statutes, the Kentucky court gave the Cabinet authority to sell the real property.  The Kentucky state court judge approved the sale and appointed an auction company.  Plaintiff then filed a complaint in Hardin Circuit Court naming the Governor of Kentucky among numerous other individuals as defendants in early February of 2005.  Additionally, motions and appeals were filed by Plaintiff to prevent the sale of the real property.  All were ultimately dismissed.  Plaintiff was evicted and the real and personal property belonging to Sartin was sold.

Defendant states Plaintiff has no legal interest in the real property and never had any legal interest in the property.  Defendant explains, although Plaintiff was initially appointed administrator of his sister's estate, that authority was lawfully removed by the Kentucky court because Plaintiff breached his fiduciary duty. Defendant goes on to say, that when the estate was finalized by the

2

Kentucky courts Plaintiff had no legal interest in the estate and was not a beneficiary.  Additionally, Defendant states that, although Plaintiff was appointed guardian ad litem for his mother, Sartin, that authority was also lawfully removed by the Kentucky court because Plaintiff breached his fiduciary duties.

Plaintiff brought this action against Janie Miller, individually and in her official capacity as Secretary of the Cabinet of Health and Family Services on October 15, 2008.  Plaintiff has brought claims under Title VI of the Civil Rights Act, 42 U.S.C. §§ 1981 and 1983, and 28 U.S.C. §§ 2201-2202.  Plaintiff alleges the house at issue was taken to be sold to pay his mother's expenses and the Cabinet intentionally inflicted emotional distress on Plaintiff due to the Cabinet's illegal actions in obtaining the home.  Plaintiff claims other personal property was also taken.  Plaintiff alleges the actions of the Cabinet were part of an unlawful conspiracy to deprive the Plaintiff of his property and his constitutional rights.  Defendant now moves the Court to dismiss these claims for failure to state a claim on which relief can be granted.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Id.* at 1965

3

(internal citation and quotation marks omitted).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests.  *Id.* at 1965.  Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint."  *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

Generally, a Court deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) cannot consider facts outside the pleadings.  However, in this case, Defendant has attached to her  Motion to Dismiss copies of orders surrounding prior court proceedings.  These orders are public records from United States District Courts and, therefore, possess the requisite level of reliability.  Consideration of the attachments does not require conversion of the motion into one for summary judgment under Federal Rule of Civil Procedure 56.  *Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (holding "the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice").

## DISCUSSION

### I. Failure to State a Claim on which Relief can be Granted

Defendant first asserts in her Motion to Dismiss that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  "To successfully state a claim under 42 U.S.C. § 1983, a plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042

4

(6th Cir.1992). Defendant alleges Plaintiff fails to plead any set of facts which establish a cognizable claim that Defendant has violated Plaintiff's constitutional rights; Defendant states Plaintiff only alleges that the Cabinet committed a wrong by taking his property, dignity, and constitutional rights. Plaintiff's response does not address the actions of Defendant or the Cabinet, but the decisions of the Hardin County Circuit Court.

Section 1983 provides no rights standing alone; the party asserting a claim under this section must point to another recognized constitutional right which has been violated. *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617-18 (1979). Plaintiff in this case attempts to point to 42 U.S.C. § 1396p as establishing a constitutional right which has been violated. The statute provides:

> No lien may be imposed against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf under the State plan, except–
> (A) pursuant to the judgment of a court on account of benefits incorrectly paid on behalf of such individual, or
> (B) in the case of the real property of an individual--
> (i) who is an inpatient in a nursing facility, intermediate care facility for the mentally retarded, or other medical institution, if such individual is required, as a condition of receiving services in such institution under the State plan, to spend for costs of medical care all but a minimal amount of his income required for personal needs, and
> (ii) with respect to whom the State determines, after notice and opportunity for a hearing (in accordance with procedures established by the State), that he cannot reasonably be expected to be discharged from the medical institution and to return home,
> except as provided in paragraph (2).
> (2) No lien may be imposed under paragraph (1)(B) on such individual's home if–
> . . .
> (B) such individual's child who is under age 21, or . . . is blind or permanently and totally disabled, or . . . is blind or disabled as defined in section 1382c of this title, or
> (C) a sibling of such individual (who has an equity interest in such home and who was residing in such individual's home for a period of at least one year immediately before the date of the individual's admission to the medical institution),
> is lawfully residing in such home.

5

42 U.S.C. § 1396p.

While Plaintiff has asserted that he is permanently disabled and collects social security disability on the basis of two disabilities, Plaintiff has provided no evidence or allegation that there was a lien imposed against the property. Even if Plaintiff were to establish that his rights under this statute were violated, Plaintiff has not alleged that these rights were violated by this defendant.[1] In fact, the defendant in this case was not involved in anyway in the events at issue which took place prior to and in 2006. Defendant has provided evidence she was not the Secretary of the Cabinet until January 1, 2008.[2] To survive a motion to dismiss, a plaintiff must sufficiently allege deprivation of a Constitutional right by the defendant. Here, Plaintiff's Complaint has not alleged facts sufficient to establish that the actions of this defendant violated any Constitutional rights of Plaintiff.

As to Plaintiff's alleged claim under the Civil Rights Act of 1991, 42 U.S.C. § 1981, Plaintiff has similarly failed to state a claim on which relief can be granted. Section 1981 prohibits racial discrimination in the making and enforcing fo private contracts. *Id.*; *Noble v. Brinker Intern., Inc.*, 391 F.3d 715, 720 (6th Cir. 2004). Therefore, racial discrimination is a necessary element of the claim, i.e., a plaintiff must be able to establish racial discrimination in order to set forth an action under § 1981. *Jackson v. RKO Bottlers of Toledo, Inc.*, 743 F.2d 370, 378 (6th Cir. 1984) (holding

---

[1] Plaintiff alleges in his Complaint that "The Cabinet" acted under color of law in violating his rights. An action against the Cabinet, or Defendant in her official capacity, is improper under the 11th Amendment as discussed *infra*. Assuming Plaintiff intended to allege Defendant acted under color of law in violating his rights, the claim still fails due to the lack of connection between Defendant and the actions that took place years before she came into the position of Secretary of the Cabinet.

[2] Additionally, Plaintiff may not maintain an action against Defendant on the basis of respondeat superior. The Supreme Court expressly rejected respondeat superior liability for supervisory personnel under § 1983 in *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

"[p]urposeful discrimination is a prerequisite to liability under section 1981"). Plaintiff has not alleged any facts in his complaint relating to racial discrimination, other than stating that he is "an American who is Black." A statement of the plaintiff's race is not a sufficient allegation to rise above the speculative level which is the standard for a motion to dismiss. Plaintiff's claims under § 1981 must, therefore, be dismissed.

As to Plaintiff's claim pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, Plaintiff has failed to state a claim on which relief can be granted. This Act prohibits discrimination on the basis of race, color, and national origin under any program or activity receiving federal assistance. 42 U.S.C. § 2000d. As with Plaintiff's claim pursuant to 42 U.S.C. §1981, Plaintiff has failed to allege any facts relating to discrimination on the basis of race, color or national origin. Plaintiff has stated that he is "an American who is Black"; however, this fact standing alone does not support a claim for racial discrimination. Plaintiff's claims pursuant to Title VI of the Civil Rights Act of 1964 must be dismissed for failure to state a claim on which relief can be granted.

Plaintiff also alleges in his Complaint violation of the Kentucky Civil Rights Act. KY. REV. STAT. ANN. § 344.010 *et seq*. This statute also concerns discrimination on the basis of race, among other characteristics. As Plaintiff has not sufficiently alleged facts relating to racial discrimination, or any other form of discrimination, this claim is also dismissed.

Plaintiff has failed to allege sufficient facts as to each claim set forth in his Complaint. As a result, dismissal for failure to state a claim on which relief can be granted is proper.

**II. Eleventh Amendment**

Defendant also asserts the claims against her in her official capacity are barred by the Eleventh Amendment. Under the Eleventh Amendment, a state, its officials, and its employees may only be sued in federal court if the state has consented to suit. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996); *Puerto Rico Aqueduct and Sewer Authority v. Metcalf and Eddy, Inc.*, 506 U.S. 139, 144 (1993). The Eleventh Amendment is applicable when a party sues a state's officials or employees for monetary damages regarding their official actions. *See Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir. 1994). A suit is therefore barred if the judgment would be satisfied from the state's treasury making the state the real party in interest. *Id.*

In this action, Plaintiff has not named the Cabinet for Health and Family Services as a party; however, the Plaintiff named Miller in both her individual and official capacities. An action against Miller in her official capacity is in effect a claim against the state. *Will v. Michigan Dept. of State Police*, 491 U.S. 58,71 (1989) (holding "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."). Therefore, the claims against Defendant in her official capacity are barred and the motion to dismiss is granted.

### III. Statute of Limitations

Defendant additionally argues in her motion to dismiss that Plaintiff's claim is barred by the statute of limitations. While § 1983 provides a federal cause of action, the Court must look to state law in order to determine the statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The period of the statute of limitations for a claim under § 1983 is the same as the statutory period provided for personal-injury torts by the state in which the federal court sits. *Id.* In Kentucky, there is a one year period of time during which an individual may bring a personal-injury action. KY.

8

REV. STAT. ANN. § 413.140 (West 2009). Under Kentucky law, the statute of limitations is computed based on the date of accrual, in other words, the date of the injury to the person. *Caudill v. Arnett*, 481 S.W.2d 668, 669 (Ky. 1972). The time period begins to run on the date of injury to the person regardless of whether the extent of the injury is known. *Id.*

Plaintiff alleges, in March of 2006, the Cabinet acted to violate his constitutional and statutory rights. Plaintiff's injury therefore occurred at the latest in March of 2006, and the statute of limitations began to run at that time. The present action must be dismissed as untimely as it is barred by the statute of limitations. Defendant's motion to dismiss as to all claims is therefore granted.

### VI. Cross Motion for Summary Judgment

Plaintiff in his response also moved for a cross motion for summary judgment. Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Plaintiff has provided no evidence that there exists no genuine issue as to a material fact such that he deserves judgment as a matter of law. Plaintiff asserted in his cross motion for summary judgment that the state court did not have jurisdiction over him and acted to violate his statutory and constitutional rights.[3] Plaintiff

---

[3] The *Rooker-Feldman* doctrine deprives federal district courts of subject matter jurisdiction of claims seeking review of cases decided by state courts. *Dist. of Columbia Ct. Of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 462 (1923); *see also Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-7 (6th Cir. 2000). Plaintiff's response, labeled as Motion to Quash, attacks the actions of the Hardin County District Court which is improper for this court to decide. If Plaintiff wishes to challenge the decision of the Hardin County Circuit Court, this Court does not have subject matter jurisdiction and the case must be dismissed.

additionally attached exhibits, some of which were not complete, which appear to relate to the ruling of the state court and not the conduct of the defendant in this case. Plaintiff has presented no evidence of Defendant's conduct which violated his statutory or constitutional rights. However, Plaintiff's motion for cross summary judgment is denied as the Complaint has failed to state a claim on which relief can be granted.

### V.  Motion for Sanctions

Defendant has moved this Court to enter monetary sanctions against Plaintiff and enter a permanent injunction against filing civil lawsuits.  Defendant moves for sanctions on the basis of Plaintiff's filing at least seven other lawsuits against multiple defendants which are allegedly frivolous claims arising out of the same situation and circumstances.  Plaintiff disputes that these claims are frivolous and states he is exercising his statutorily and constitutionally protected rights.

The Court notes that Plaintiff is proceeding pro se.  The claims alleged in this action have no asserted basis in fact.  Defendant makes a strong argument for sanctions.  The Court will not order sanctions at this time as Plaintiff is pro se.  However, should future frivolous proceedings be filed in federal court, the Court will strongly consider appropriate sanctions.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED and Defendant's Motion for Sanctions is DENIED at this time.  All claims against Defendant are dismissed.  An appropriate order shall issue.

10